THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHRISTY MORRISON, | ) | Case No. 1:09cv00034 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff Christy Morrison ("Plaintiff") filed this action seeking judicial review of a final decision of defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), denying Plaintiff's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401-33. This matter is currently before the court on Plaintiff's Opening Brief which the court treats as a Motion to Modify or Remand Administrative Decision. The court has carefully considered the parties' briefs, as well as the law and facts relevant to Plaintiff's Motion. Jurisdiction is proper under 42 U.S.C. § 405(g). Oral arguments will not materially aid in the resolution of this appeal. Now being fully advised, the court enters the following Memorandum Opinion & Order, vacating the Administrative Law Judge's decision and remanding this matter to the Commissioner for further proceedings in accordance with this opinion and order.

### A.     Background

Plaintiff was 35 years old as of the date she alleges she became disabled and 36 years old as of the date of the Administrative Law Judge's (the "ALJ") decision. Plaintiff's past relevant work includes work as a waitress, customer service representative, and administrative analyst.

On May 2, 2007, Plaintiff applied for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401-33. (Admin. R. at 109-13). Plaintiff alleges disability since April 30, 2007, due to fibromyalgia, seizures, hypersensitive central nervous system, asthma, irritable bowel syndrome ("IBS"), bowel / urinary incontinence, and affective / bipolar disorder. *Id.* at 26, 127, 167, 192. Her applications were denied initially and upon reconsideration, and Plaintiff sought a hearing before an ALJ. *Id.* at 57, 60-62. A hearing was held on November 12, 2008, at which Plaintiff and her attorney were present. The ALJ issued a decision on December 16, 2008, finding Plaintiff not disabled. *Id.* at 12-22. He found that she had severe impairments of IBS with bowel and bladder incontinence; fibromyalgia; asthma; depression; and anxiety. *Id.* at 14. Nevertheless, relying on a vocational expert's ("VE") testimony, he found that she could perform her past relevant work and denied her application for disability insurance benefits. *Id.* at 22. Plaintiff requested review of the ALJ's decision. *Id.* at 5-8. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-4. Therefore, the ALJ's decision became the final decision of the Commissioner. *Blea v. Barnhart*, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of the final decision.

## II. GENERAL LEGAL STANDARDS

### A.     Standard of Review

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive." The court should review the ALJ's decision to determine only (i) whether the decision was supported by substantial evidence and (ii) whether the ALJ applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support a conclusion. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The determination of whether evidence is substantial is not simply a quantitative exercise because evidence is not substantial if it is (i) overwhelmed by other evidence or (ii) if it really constitutes mere conclusion. *Id.* Further, "if the ALJ failed to apply the correct legal test, there is ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although the court is not to reweigh evidence and does not substitute its judgment for that the ALJ, the court does not rubber stamp the findings of the ALJ. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991); *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). Thus, the court should meticulously examine the record as a whole, including whatever in the record fairly detracts from the weight of the ALJ's decision, to determine if the substantiality of the evidence test has been met. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992); *Casias*, 933 F.2d at 800.

**B. Sequential Evaluation**

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which precludes the claimant from engaging in substantial gainful activity. 42 U.S.C § 423(d)(1)(A). "When a claimant has one or more severe impairments the Social Security [Act] requires the

[Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Circuit. 1987). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude the claimant from engaging in any substantial gainful activity which exists in the national economy. 42 U.S.C § 423(d); *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002).

The Commissioner has established a five-step sequential evaluation process to determine disability. 20 C.F.R. §416.920; *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether the claimant has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional capacity ("RFC"). 20 C.F.R. §416.920(e).

After determining the claimant's RFC, the Commissioner evaluates steps four and five - whether the claimant's RFC precludes him or her from performing past relevant work, and whether claimant can perform other work in the national economy. *William*, 844 F.2d at 751. The claimant bears the burden of proof through step four of the analysis. *Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. *Id*;

4

*Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this

burden if the decision is supported by substantial evidence. *Thompson*, 987 F.2d at 1487.

## III. DISCUSSION

### A.    The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since the alleged onset date. (Admin. R. at 14). Proceeding to step two, the ALJ found that the

Plaintiff had the following severe impairments: IBS with bowel and bladder incontinence;

fibromyalgia; asthma; depression, and anxiety. *Id.* At step three, the ALJ determined that

Plaintiff did not have an impairment or combination of impairments that met or equaled one of

the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 15. Evaluating step

four, the ALJ found that the Plaintiff had the RFC to perform the requirements of her past

relevant work (i.e., a waitress, a customer service representative, or an administrative analyst).

*Id.* at 16. In addition, the ALJ found the subjective complaints of the Plaintiff were not fully

credible. *Id.* at 19. Having found that the Plaintiff had the RFC to perform her past relevant

work, the ALJ did not proceed to step five and denied Plaintiff's claim. *Id.* at 22.

### B.    Issues on Appeal

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and free

of legal error. (Pl.'s Br. at 21). Specifically, Plaintiff raises three claims of error: (i) the ALJ

committed reversible error by improperly evaluating Plaintiff's medical sources (i.e., Drs. Harris,

Smith, Bone, and her therapist, Ms. Keeler) (*Id.* at 19, 21); (ii) the ALJ failed to properly

determine Plaintiff's credibility (*Id.* at 27); and (iii) the ALJ's determination of Plaintiff's RCF is

not supported by substantial evidence (*Id.* at 28-29).

## C.        Treating Physician Rule

According to the "treating physician rule," the ALJ must give substantial weight to the evidence and opinions of the claimant's treating physicians unless good cause is shown for finding to the contrary. *Frey v. Bowen*, 816 F.2d 508, 513 (10 Cir. 1987); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10 Cir. 2001) ("ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record"). But "[e]ven if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (internal citation and quotation marks omitted).

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons ... for the weight assigned to a treating physician's opinion." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.2004) (quotation omitted). The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted). "If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* (quotation omitted). Use of the same boilerplate paragraph is insufficient, in the absence of a more thorough analysis. *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir.2004). The ALJ must link or connect the factors he recited to evidence in the record. *Id.* If factors are merely recited without connection to specific evidence in the record, it is "conclusion in the guise of findings." *Id.*

Plaintiff's treating physicians are Drs. Harris, Smith, Bone, and Pederson. 20 C.F.R. §§ 404.1502, 416.902. Dr. Harris opined that Plaintiff had an extremely limited RFC. (Admin. R.

at 176). He noted Plaintiff had the following limitations: lay or recline for 2 hours a day; could only sit for a total of 1 to 2 hours a day; could only stand for a total of one hour a day; above regularly scheduled breaks, Plaintiff would need 1 to 2 breaks an hour for 10 to 25 minutes each; and that Plaintiff would need 3 or more scheduled absences a month from work. *Id.* Dr. Smith opined that Plaintiff could not lift more than 10 lbs. *Id.* at 600-602. Dr. Bone opined Plaintiff had "marked" and "extreme" limitations in many areas of mental functioning which precluded her from work. *Id.* at 669-672.

For Drs. Harris, Smith, and Bone, the ALJ evaluated each of their medical opinions with the following language:

> The undersigned Administrative Law Judge is not accepting this opinion as it is not well supported by medically acceptable clinical and diagnostic techniques or other medical evidence. Treatment notes and other examinations show a degree of limitation but not to the point suggested by [insert treating physician's name]. For these reasons, [insert treating physician's name]'s opinions are afforded little weight in the findings made by the undersigned in regards to the claimant's ability, or lack thereof, to perform work-related activities.

*Id.* at 20. For Drs. Smith and Bone, the above language was provided for the ALJ's entire reasoning for not giving controlling weight to their medical opinions. For Dr. Harris, the ALJ used the above language and additionally noted that Dr. Harris' RFC questionnaire and medical statement did not give a full account for the entire workday, specifically that it only accounted for only four hours of the workday. *Id.* The ALJ did not discuss what weight was afforded to Dr. Pederson's treatment notes and how those notes bear on Plaintiff's current condition arising from her IBS with bowel and bladder incontinence. *Id.* at 20-21.

Although Plaintiff cites legal error arising from the use of boilerplate language in the ALJ's decision evaluating the Plaintiff's treating physicians, the Commissioner does not address whether the ALJ's language is use of the same boilerplate paragraph. (Def. Br. at 16-22).

Rather, the Commissioner attempts to link the ALJ's language to specific evidence in the record. *Id.* The Commissioner's citation to evidence is not helpful in support of the ALJ's findings because the ALJ did not link the evidence to his findings in even the most tenuous way. (Admin. R. at 19-21). The ALJ's decision only sets forth his conclusions and does not explain the inconsistencies and ambiguities contained in the opinions of Plaintiff's treating physicians. *Id.* A decision should be evaluated based solely on the reasons stated therein. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). It cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. *Knipe v. Heckler*, 755 F.2d 141, 149 (10th Cir. 1985). Nor may a reviewing court create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the decision. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

Because the ALJ used boilerplate language in his evaluation of Drs. Smith and Bone without linking his conclusions to specific evidence in the record, the ALJ committed reversible legal error. In addition, the ALJ does not discuss Dr. Pederson's opinion and treatment notes and what weight he allocated to them. (Admin. R. at 19-21). Thus, because it is unclear to the court upon review as to what weight the ALJ gave to Dr. Pederson's medical opinion, the ALJ again committed reversible legal error. Therefore, remand is necessary for the Commissioner to do the following: (i) properly evaluate all of the treating physicians' medical opinions; (ii) cite specific medical evidence which is (iii) linked to his thorough analysis of the ambiguities or inconsistencies contained in the treating physicians' opinions; and (iv) specifically analyze Dr. Pederson's medical opinion regarding Plaintiff's IBS with bowel and bladder incontinence and explain what weight the Commissioner gives to his medical opinion.

**D.	Credibility Determination**

An ALJ's credibility determinations are generally treated as binding on review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Hackett*, 395 F.3d at 1173 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)).

The ALJ found that beginning April 30, 2007, there was "very little" objective evidence to support Plaintiff's "alleged chronic limitations due to her physical impairments." (Admin. R. at 17). The ALJ specifically noted that many of Plaintiff's impairments had been present for years (e.g., fibromyalgia, bowel and bladder incontinence, IBS, etc.). In addition, the ALJ found that the Plaintiff's daily activities undermined her subjective complaints. *Id.* at 18. In conclusion, the ALJ found that Plaintiff's symptoms suggested a "greater level of impairment" than can be shown by objective medical evidence alone. *Id.* Thus, because Plaintiff's allegations were out-of-proportion to the medical findings, the ALJ found that the Plaintiff was not fully credible. *Id.* at 18-19.

Since there is reversible legal error in (i) how the ALJ evaluated the treating physicians medical opinions and (ii) in the ALJ's reliance on an incomplete hypothetical question, it is not necessary for the court to determine if the ALJ's credibility determination is supported by substantial evidence and free from legal error. However, upon remand the court orders the

Commissioner to specifically determine Plaintiff's credibility, as shown by objective medical evidence, regarding Plaintiff's complaints of her symptoms (e.g., amount of necessary daily bathroom breaks, diarrhea, etc.) arising from her IBS with bowel and fecal incontinence since no such analysis is contained in the ALJ's decision. (Admin. R. at 18-19).

### E. Improper Step Four Analysis – Plaintiff's RFC

A claimant will be found not disabled when the claimant retains the RFC to perform (i) the actual functional demands and job duties of a particular past relevant job or (ii) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *See* SSR 82-61. In addition, a VE's testimony in response to a hypothetical question which accurately reflects a plaintiff's RFC may act as substantial evidence for a finding that the plaintiff is not disabled. *See Wiederholt v. Barnhart*, No. 03-3251, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005) ("Hypothetical questions should be crafted carefully to reflect a claimant's RFC, as testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision."); *Hargis v. Sullivan*, 945 F.2d 1482 (10th Cir. 1991) (hypothetical questions must relate with precision all of a claimant's impairments).

At the hearing, the ALJ asked the VE to answer a hypothetical question that reflected the Plaintiff's age, education, work experience, and physical / mental limitations. (Admin. R. at 50-51). The VE testified that such a hypothetical person could perform her past work as a waitress, customer service representative, and administrative analyst. *Id.* at 52. The ALJ relied on the VE's testimony to find that Plaintiff's RFC did not preclude her from her past relevant work and denied her claim. *Id.* at 21-22.

Despite the ALJ's instruction to the VE to have the hypothetical question reflect all of the Plaintiff's physical limitations, the hypothetical question did not reflect Plaintiff's limitations arising out of IBS with bowel and bladder incontinence. *Id.* at 14, 50-51. Once the hypothetical question was modified to include the necessary breaks arising out of Plaintiff's IBS with bowel and bladder incontinence, the VE testified that the Plaintiff would not be employable in the general labor market. *Id.* at 53-54.

The omission of any limitations in the hypothetical arising out of Plaintiff's IBS with bowel and bladder incontinence is a glaring error because the ALJ was informed, due to his own questioning at the hearing, that the predominant legal theory governing Plaintiff's claim for disability arose from Plaintiff's limitations associated with her IBS with bowel and bladder incontinence. *Id.* at 26-27. Since the ALJ relied on the VE's testimony that arose from a hypothetical question which did not reflect with precision all of the Plaintiff's impairments, the ALJ's RFC determination is (i) not free from legal error and (ii) not supported by substantial evidence. *Hargis*, 945 F.2d at 1482. In addition, despite the affirmation in the ALJ's decision, the ALJ did not fulfill his affirmative responsibility to ask about any possible conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Admin. R. at 47-54); *See Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999).

Remand is necessary because the ALJ (i) relied on the VE's testimony that arose from a hypothetical question which did not reflect with precision all of Plaintiff's impairments, and (ii) the ALJ did not fulfill his affirmative responsibility to ensure that no conflict existed between the VE's testimony and the DOT. Upon remand, the court orders the Commissioner to do the following: (i) carefully craft a hypothetical question which reflects with precision all of Plaintiff's limitations supported by the record; (ii) if a limitation is not supported by the record

and omitted from the hypothetical, explain with detail as to why the omitted limitation is not supported by the record; and (iii) ensure that the VE's testimony does not conflict with the DOT.

## IV. REMAND

Although Plaintiff seeks an immediate award of benefits, in the exercise of the court's discretion, the court declines this request and remands this case for further proceedings. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). As is the case here, remand for further proceedings is generally required unless it would serve no purpose. *Dollar v. Bowen*, 821 F.2d 530, 534 (10th Cir. 1987) (citations omitted).

Accordingly, Plaintiff's Motion to Reverse or Modify Administrative Decision is GRANTED. IT IS THEREFORE ORDERED that the Commissioner's decision is VACATED and REMANDED to the Commissioner with directions to remand to the ALJ for proceedings consistent with this opinion.

DATED this 22th day of July, 2010.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT